[No. 16564. Department Two. June 25, 1921.]

CARL S. WEATHERWAX *et al., Appellants,* v. GRAYS
HARBOR COUNTY *et al., Respondents.*[1]

DRAINS (4-1)—ESTABLISHMENT BY CITIES—AREA LYING WITHIN
CORPORATE LIMITS. The power to establish diking and drainage dis-
tricts within the corporate limits of cities and towns being con-
ferred by Rem. Code, §§ 4120 and 4162, the county commissioners
have no authority, under the powers granted by Id., § 4226-1 *et seq.*
as amended and supplemented by Ch. 130, Laws 1917, p. 517, to
create such a district where the territory to be included lies wholly
within the corporate limits of a city.

Appeal from a judgment of the superior court for
Grays Harbor county, Abel, J., entered May 10, 1921,
denying the relief sought by plaintiff, in an action to
enjoin the establishment of a proposed diking and
drainage district. Reversed.

*W. E. Campbell,* for appellants.

*George Acret (E. E. Boner,* of counsel), for respond-
ents.

MITCHELL, J.—Proceeding under the provisions of
ch. 176, p. 611, Laws of 1913 (Rem. Code, § 4226-1),
and of ch. 130, p. 517, Laws of 1917 (the latter act
being largely amendatory of the former) the owners
of certain property situated within the city of Aber-
deen, a city of the second class, presented to the board
of county commissioners of Grays Harbor county their
petition for the establishment of a diking and drainage
improvement district embracing their lands together
with those of other owners, all of which lands are situ-
ate within the corporate limits of the city. Thereupon,
this action was commenced by taxpayers on behalf of
themselves and all others similarly situated, owners

[1]Reported in 199 Pac. 303.

of property within the proposed improvement district, to enjoin and restrain the board of county commis· sioners from establishing the proposed diking and drainage district. Upon the hearing of the cause, the trial court denied the relief sought and the plaintiffs have appealed.

It is stated by the appellants, and agreed to by the respondents, that the case involves the single question: Is the board of county commissioners authorized to establish a diking and drainage improvement district lying wholly within the corporate limits of an incorporated city or town.

An examination of the statutes shows there are different methods of procedure for the establishment and maintenance of diking and drainage improvement districts, in each of which methods the costs of construction and of maintenance shall be a charge upon the property within the district. By the acts of 1913 and 1917, already referred to, and under which these proceedings were instituted, it is provided that the establishment and maintenance of such improvement district shall be under the management and control of the county authorities. In § 39, ch. 130, p. 552, of the act of 1917, it is provided:

"Nothing in this act contained shall be construed as in anywise modifying or repealing any of the provisions of chapter 115 or of chapter 117 of the Laws of 1895, or the acts amendatory thereof or supplemental thereto, or affecting any proceedings heretofore or that may hereafter be had under the provisions of said acts."

Chapters 115 and 117 of the Laws of 1895, referred to in the law of 1917, together with the acts amendatory or supplemental thereto, provide the other plan for the establishment and maintenance of diking and drainage improvement districts. They provide for proceedings

initiated before the board of county commissioners of the county wherein the property is situated that finally results in the creation and establishment of a legal entity as a public corporation known and designated as diking or drainage district No.——— of the county of ——— of the state of Washington, with the right of eminent domain and the right to sue and be sued by and in the name of its own board of commissioners, having perpetual succession and required to adopt and use a seal.

In ch. 115, p. 291, Laws of 1895 (Rem. Code, § 4162), it is provided as follows:

"Sec. 23. Any town or city already incorporated, or which may hereafter be incorporated, may exercise the functions of a drainage district under the provisions of this act, or the whole or any portion of any such town or city may be included with other territory in a common district under the provisions for the establishment thereof as provided for herein."

A similar provision is found in § 26, ch. 117, p. 323, Laws of 1895 (Rem. Code, § 4120), for the establishment of diking districts.

It thus clearly appears to be the intention of the legislature to confer upon cities and towns the power to exercise the functions of such improvement districts in those cases where all of the property within the improvement district is situated entirely within the limits of an incorporated city or town, but that in the event all of the property included within the proposed improvement district embraces property other than a portion or all of the area of a city or town that then the improvement district for diking and drainage purposes may be established and maintained by a district organized as a separate municipal corporation.

The acts of 1895 still being in effect, and the legislature in 1917 having construed its act of that session

as in nowise repealing or modifying the earlier acts of 1895, it follows, we think, that the jurisdiction is with the city of Aberdeen and not the county authorities for the establishment and maintenance of the proposed diking and drainage improvement district, and that the relief prayed for by the appellants should have been granted by the trial court.

This construction of the statute responds to the manifest intention of the legislature and harmonizes with the general rule that two municipal corporations cannot have jurisdiction and control, at one time, of the same territory, for the same purpose.

Reversed with directions to enter judgment accordingly.

PARKER, C. J., MACKINTOSH, MAIN, and TOLMAN, JJ., concur.