[No. 17037. Department Two. March 9, 1922.]

CARL S. WEATHERWAX et al., Appellants, v. GRAYS HARBOR COUNTY et al., Respondents.[1]

DRAINS (4)—ESTABLISHMENT BY COUNTIES—WITHIN CITIES. The legislature had the power by Laws 1921, p. 646, § 1 [Rem. Comp. Stat., § 4405] to establish a drainage district "whether wholly or partly within the limits of any incorporated city."

Appeal from a judgment of the superior court for Grays Harbor county, Abel, J., entered December 24, 1921, in favor of the defendants, after a trial to the court upon an agreed statement of facts, dismissing an action to enjoin the establishment of a drainage district. Affirmed.

A. E. Graham, for appellants.

E. E. Boner, for respondents.

MAIN, J.—The plaintiffs, as tax payers, brought this action to enjoin the county commissioners of Grays Harbor county from proceeding with the organization of a drainage district. The cause was tried upon an agreed statement of facts and resulted in a judgment of dismissal, from which the plaintiffs appeal. The property embraced within the proposed district is almost wholly within the corporate limits of the city of Aberdeen. The portion which is without such limits is so small that it may be considered negligible, so far as this proceeding is concerned. The case will be treated as though the property embraced within the boundary of the proposed district were entirely within the corporate limits of the city. The question to be determined is whether the county commissioners have authority to establish a diking and drainage district

[1]Reported in 204 Pac. 1058.

within the corporate limits of the city of Aberdeen. In *Weatherwax v. Grays Harbor County,* 116 Wash. 212, 199 Pac. 303, a similar question was before this court upon the statutes as they existed at the time that the decision was rendered. In the opinion in· that case there is a comprehensive review of the diking and drainage district statutes and it will not be necessary here to cover these statutes in detail. It was held in that case that, where the property to be embraced within the proposed diking and drainage district was situated entirely within the limits of an incorporated city or town, that district could not be organized under ch. 176, Laws of 1913, p. 611 (Rem. Code, § 4226-1), as amended by ch. 130, Laws of 1917, p. 517, but that in such a case the organization must be under ch. 115, p. 271, and ch. 117, p. 304, Laws of 1895. [1]The proposed district in that case was sought to be organized under the Laws of 1913, as amended in 1917. In this case the district is sought to be organized under the laws just referred to, as amended by ch. 160, Laws of 1921, p. 646, which read as follows:

"Whenever one or more persons whose land will be benefited thereby shall desire to have improvements constructed for the drainage or protection from overflow, or both, of any continuous body of lands situated in the same county, whether wholly or partly within the limits of any incorporated city or town, proceedings for the construction of such improvements may be had as provided in this act." [Rem. Comp. Stat., § 4405.]

The clause, "whether wholly or partly within the limits of any incorporated city or town," does not appear in the Laws of 1913 and 1917, but is inserted in the amendatory act of 1921. Here is the declara-

[1]NOTE: See Rem. Comp. Stat., §§ 4405 and 4236.

tion of the legislature expressly conferring the power to organize a drainage district within the corporate limits of the city by petition to the county commissioners, as provided for in the Laws of 1913 as amended in 1917. It is argued that since, under the holding in the case referred to, the organization of a drainage district within the corporate limits of a city should be had under the Laws of 1895, the language in the act of 1921 is not sufficient to repeal by implication the act of 1895. It is not necessary in this case to determine whether there has been a repeal by implication. It is sufficient to say that the legislature, by the act of 1921, expressly conferred power to organize a drainage district which was within the corporate limits of the city, by petition to the board of county commissioners. Whether a city or town may also proceed under the Laws of 1895 will be left for future determination. The legislature had the power to confer upon the board of county commissioners power to organize a drainage district within the corporate limits of a city. *Paine v. Port of Seattle,* 70 Wash. 294, 126 Pac. 628, 127 Pac. 580; *Foster v. Commissioners of Cowlitz County,* 100 Wash. 502, 171 Pac. 539.

The judgment will be affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.